## REYNOLDS v. REYNOLDS.

1. TRUSTS—TRUSTEE—LIMITATION OF ESTATES—RULE IN SHELLEY's CASE.—The trustee is empowered here to collect the rents and profits, to educate and maintain the *cestuis que trustent* and to keep the estate in repair during the life of A. and her children, and to sell and reinvest; this is an executory trust, and the rule in Shelley's case cannot apply, the title remaining in trustee so long as A. or any of her children live. Death of trustee cannot effect the case, as the oldest son of the trustee is trustee until another is appointed by the Court.

Before KLUGH, J., Greenwood, April, 1901. Reversed.

Rule to show cause against C. A. C. Waller and W. L. Durst in Reynolds *et al.* v. Reynolds *et al.* From Circuit order making rule absolute respondents appeal.

*Messrs. Sheppards & Grier,* for appellants, cite: *In construing deeds, Court must ascertain intention of testator:* 35 S. C., 326; 22 S. C., 233; 42 S. C., 346. *Rule in Shelley's case does not apply:* 8 Rich. Eq., 9; 17 S. C., 550; 39 S. C., 144; 2 Rich. Eq., 49; 42 S. C., 346. *Legal title remains in trustee as long as there is any duty for him to perform:* 36 S. C., 354; 16 S. C., 548; 23 S. C., 512; 16 S. C., 290; 42 S. C., 346.

*Messrs. Graydon & Giles,* contra, cite: *The children of Mrs. Reynolds take an estate of inheritance in fee simple:* Minor Inst., vol. 2, p. 377; 1 McC. Eq., 83; 22 Ency., 493, 524; 1 Rich. Eq., 404; 3 Strob. Eq., 66; 3 Rich. Eq., 158; 1 McM. Eq., 206; 1 Rich. Eq., 396; 6 Rich. Eq., 26. *Trust is fully executed:* 12 S. C., 112. *If heirs means children then limitation is too remote:* 1 N. & McC., 69; 2 McC. Eq., 323; Bail. Eq., 390; Minor's Inst., vol. 2, p. 419, 421; 1 Strob. Eq., 193; Dud. Eq., 76.

July 24, 1901. The opinion of the Court was delivered by

MR. JUSTICE POPE. The plaintiffs and defendants, under an impression that they were tenants in common in fee simple of a tract of land containing about fifty acres, in the town of Greenwood, set on foot an action for partition among themselves. A decree was passed in said action, requiring the lands sold and the proceeds of sales to be divided as the decree announced. The lands, after being divided into lots, were sold, and at such sale the appellants, C. A. C. Waller and William L. Durst, became the purchasers of certain parcels of said lands; but having taken the advice of counsel learned in the law, when titles were tendered them for such parcels of land, they declined to comply and rejected the titles tendered, upon the ground that by the terms of the deed from Bennett Reynolds, sr., to Bennett Reynolds, jr., as trustees, the widow and children of Bennett Reynolds, jr., only had life estates in said tract of land, and that these pur-

chasers had been induced to become such upon the pledge that the title to the same should convey said parcels of land in fee simple, and that if such title was in fee simple, they would accept the same, but not otherwise. Therefore, in 1901, a rule was issued requiring said Waller and Durst to show cause why they had not complied with their bids for said lands. The respondents made a formal return submitting themselves to the Court, but claiming that under said decree and said deed the interest of the parties to the action was only life estates. The Circuit Judge made the rule absolute, holding that by the rule in Shelly's case the title to the plaintiffs and defendants, as the widow and children of Bennett Reynolds, jr., became a fee simple estate. From this decree the respondents to the rule, C. A. C. Waller and William L. Durst, have appealed upon the ground that the rule in Shelley's case could not apply so as to enlarge the life estate into a fee simple. So it now becomes necessary to construe the deed in question, in order to ascertain if the appeal should or should not be sustained. The deed is as follows: "This indenture made this fifth day of July, in the year eighteen hundred and seventy-seven, between Bennett Reynolds, senior, and Bennett Reynolds, junior, trustee, both of the State and county aforesaid, witnesseth: That the said Bennett Reynolds, senior, in consideration of the natural love and affection which he bears for Henrietta R. Reynolds, and her children, the issue of her present marriage, and in further consideration of the sum of ten dollars to him in hand paid by Bennett Reynolds, junior, trustee, as aforesaid, the receipt whereof is hereby acknowledged, hath bargained, sold, released and conveyed, and by these presents do bargain, sell, release and convey unto the said Bennett Reynolds, trustee, as aforesaid, all that parcel or lot of land situated within and adjoining the town of Greenwood, in the State and county aforesaid, bounded on the north by lands of L. D. Merriman; east by lands of Bennett Reynolds, sr.; south by lands of A. P. Boozer, Main street and L. D. Merriman; and west by lands of L. D. Merriman and W. H.

Bailey, containing sixty-two acres (more or less), and has such shape, meets and bounds as are represented by annexed plat made by B. F. Reynolds ——— day of ——— , 1877. Together with all and singular the rights, members, hereditaments and appurtenances to the said premises belonging, or in anywise incident or appertaining. To have and to hold all and singular the said premises with the appurtenances unto the said Bennett Reynolds, junior, trustee as aforesaid, his successors and assigns. In trust, and to and for the several uses, intents and purposes hereinafter mentioned, namely : First. In trust for the sole and separate use of Henrietta R. Reynolds, wife of the above named Bennett Reynolds, junior, and her children, the issue of her present marriage, during the term of their natural lives, free from the liabilities of any husband or husbands they or any of them now have or may hereafter have, and in trust for the survivor or survivors of them. Secondly. In trust to take the rents, issues and profits there and out of the same to keep the estate in good repair and improve the same; to defray the expenses of maintaining and educating the said *cestuy que trust.* And the said Bennett Reynolds, senior, hereby declares that upon the decease of the last surviving *cestuy que trust,* the said trust estate shall cease and determine and the said land above described shall belong in fee simple absolute to their heirs then living ; and the said Bennett Reynolds, senior, further declares that the said Bennett Reynolds, junior, trustee, as aforesaid, may sell and convey the above described trust estate or any part thereof, and execute valid titles therefor, whenever in his judgment it may be for the interest of the estate, and for the benefit of the *cestuy que trust,* or any of them, and reinvest the proceeds thereof for the like uses, intents and purposes and with the same limitation as the original estate. And the said Bennett Reynolds, jr., hereby signifies his acceptance of this trust and covenants, and agrees to and with the said Bennett Reynolds, senior, faithfully to discharge and execute the same according to the true intent and meaning of these presents. In

witness whereof, I have hereunto set my hand and seal, this fifth day of July, eighteen hundred and seventy-seven. Bennett Reynolds, sr., (L. S.) Bennett Reynolds, jr., (L. S.) Signed, sealed and delivered in the presence of: A. P. Boozer, J. C. Nickles."

The following are the grounds of appeal:

"1. Because it was error in his Honor to hold that under the trust deed, under the rule in Shelley's case, Mrs. Reynolds and her children took an estate in fee, the errors being: (a) In defeating the clear intention of the parties to said trust deed declared in express terms. 1st. That the said Mrs. Reynolds and her children, the issue of the marriage with said Bennett Reynolds, jr., should take an estate for life only. 2d. That upon the determination of the trust estate the heirs of said *cestui que trust* then living should take an estate in fee simple. (b) Because the clear intention of the grantor was to convey a life estate only to Mrs Reynolds and her children by the marriage with Bennett Reynolds, jr., remainder over in fee, to their heirs living at the time of termination of the trust estate, which was to continue until the death of the last surviving *cestui que trust.* (c) Because the words made use of by the said grantor are words of purchase and not words of limitation, and the rule in. Shelley's case has no application whatever. (d) Because the use of the words, 'their heirs then living in fee simple absolute,' cannot mean that they are to take by descent, but as purchasers, and, therefore, the rule in Shelley's case cannot apply. (e) Because until the determination of the trust estate as limited in said trust deed no valid title in fee can be conveyed. (f) Because the rule in Shelley's case does not apply in this case.

"2. It was error in his Honor to construe the said trust deed to convey a fee to Mrs. Reynolds and her children, and to require the respondents herein to comply with their said bid, when it is apparent by the terms of the said trust deed that the said Mrs. Reynolds and her said children have only a life estate, and under the proceedings herein the purchaser

at said sale could acquire no greater interest, but would take a life estate only."

We will examine this deed to ascertain what was the intention of Bennett Reynolds, sr., and also to see whether such intention, as developed by the terms of the deed, is contrary to law. *First:* It is patent that a life estate has been carved out by the grantor. He uses these words: "*First.* In trust for the sole and separate use of Henrietta Reynolds, wife of the above named Bennett Reynolds, jr., and her children, the issue of her present marriage, during the term of their natural lives * * * and in trust for the survivor or survivors of them. *Second.* In trust to take the rents, issues and profits thereof to keep the estate in good repair and improve the same; to defray the expenses of maintaining and educating the said *cestuy que trust.* And the said Bennett Reynolds, sr., hereby declares that upon the decease of the last surviving *cestuy que trust,* the said trust estate shall cease and determine, and the said land above described shall belong in fee simple absolute to their heirs then living * * *" The parties entitled to this life estate are Mrs. Henrietta R. Reynolds, and her children—one of whom, who had intermarried with Mr. John A. Barksdale, has recently departed this life, childless, leaving her husband and her mother and brothers and sisters as her only heirs at law. So that now the life estate by the terms of the deed is confined to the said Mrs. Henrietta R. Reynolds and the living children of said Mrs. Reynolds. *Second.* It was the intention of the grantor at the expiration of the last life estate, that the lands conveyed in trust should pass directly to the heirs of the life tenants, not through the life tenants, but directly from the grantor, the conveyance to the heirs of the life tenants should be "to their heirs then living." *Third.* The trustee, his successors or assigns, should hold such lands in trust for and during the natural lives of the life tenants, or the survivor or survivors of them, and no longer, for the deed declares, "That upon the decease of the last surviving *cestuy que trust,* the said trust estate shall cease and determine, 'and the said

lands above described shall belong in fee simple absolute to their heirs then living." But, while the trust lasted, the trustee was directed to employ the rents, issues and profits of the trust lands to keep the estate in good repair and improve the same; *second,* to defray therewith the expenses of maintaining and educating the said *cestui que trust,* and *third,* the trustee was empowered to "sell and convey the above described trust estate, or any part thereof, and execute valid titles therefor, whenever in his judgment it may be for the interest of the estate, and for the benefit of the *cestuy que trust,* or any of them, and reinvest the proceeds thereof for the like uses, intents and purposes, and with the same limitations as the original estate."

We will now consider if the expressed intentions of Bennett Reynolds, sr., in his deed to his son, Bennett Reynolds, jr., as trustee, contravenes any principles of law which will prevent the execution of such intention. The Circuit Judge has held in his decretal order, "that the trusts created by the trust deed have been fully executed, as the youngest child of Bennett Reynolds, junior, is about grown." "And it seems to the Court that under the rule in Shelley's case, Mrs. Reynolds and her children took by said trust deed an estate in fee in the said lands as tenants in common." We cannot agree with the Circuit Judge, that the trusts created by the deed are fully executed. In *Porter* v. *Doby,* 2 Rich. Eq., at page 53, the Court said: "The test of an executory trust is that the trustee has some duty to perform, for the performance of which it is necessary that the title be regarded as abiding in him." This definition has been several times recognized as correct. *Carrigan* v. *Drake,* 36 S. C., 354. In *Porter* v. *Doby, supra,* it was held: "Here nothing can be plainer than that the trustee could not perform the trusts conferred on him without retaining the title and the property. His trust was to *maintain* Edmund and Susannah during their joint lives, and Susannah, if she should be the survivor, out of the profits and income of the property. She actually survived; and it was, therefore, impossible that the trust should have

been executed at any time during Edmund's life." In the case at bar, the trustee was to take the rents and profits, and out of the same to keep the estate in good repair and improve the same—a continuing duty, and also to defray the expenses of *maintaining* and educating the said *cestui que trust,* and this duty of "maintaining" the *cestui que trust* is to continue as long as the trust lasts. There is no estate given by this deed directly to the *cestui que trust,* and it is limited to the persons named, and the *survivors* of them. One of them is dead. There are, therefore, already survivors. But it may be suggested that the trustee, Bennett Reynolds, jr., is dead, and has been so since 1890. The death of a trustee named in a deed creating a trust does not destroy the trust. The court of equity will keep it alive as long as any duty as trustee shall continue. Besides, the oldest son of Bennett Reynolds, jr., is his successor in law as such trustee, unless the Court names and appoints another trustee. For the moment, no doubt, the Circuit Judge overlooked the fact that this deed of trust provides for the performance by the trustee, according to his best judgment, of the power to sell all or any part of this trust estate and reinvest the proceeds. As was said in *Carrigan* v. *Drake, supra,* of precisely similar language in the deed of trust here under consideration, after quoting from the language used by Chancellor Harper, in *Posey* v. *Cook,* 1 Hill., 413 : "In this case the trustee, when he deems best, is authorized to sell and reinvest; this he manifestly could not do unless the legal title remained in him." Bennett Reynolds, jr., as trustee, or his successor in office, by this deed of trust is allowed to sell any part or all of the trust estate. This power exists to-day. Hence there is no naked power of trustee under this deed. It is not an executed but an executory trust. And it is well settled in this State that the rule in Shelley's case cannot apply to executory trusts. *Posey* v. *Cook,* 1 Hill., 413 ; *Porter* v. *Doby,* 2 Rich. Eq., 53 ; *Carrigan* v. *Drake,* 36 S. C., 354 ; *Shaw* v. *Robinson,* 42 S. C., 346 ; *McIntyre* v. *McIntyre,* 16 S. C., 294, and many other cases. The rule as to heirs will be found in

*Dukes* v. *Faulk,* 37 S. C., 255.    Then it is seen the exceptions are well taken and, therefore, the decretal order must be set aside and reversed.    The original decree cannot stand for want of the presence of a trustee as successor of Bennett Reynolds, jr., as a party thereto.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.