HUGHES *v.* COFFEY.

5-268                                    263 S. W. 2d 689

Opinion delivered January 18, 1954.

*Bon McCourtney* and *Claude B. Brinton,* for appellant.

GEORGE ROSE SMITH, J.   By this suit Nova Coffey Hughes seeks to obtain cancellation of a declaration of trust involving a house and lot in the town of Nettleton. The defendants are the plaintiff's former husband, Elmer Coffey, Sr., and the couple's six-year-old son, Elmer, Jr.   After a hearing at which no testimony was offered by the defendants the chancellor dismissed the complaint for want of equity.

Elmer and Nova Coffey were divorced in October of 1948, custody of their child being awarded to Mrs. Coffey.   On September 18 of that year Mrs. Coffey had

bought the property now in question, making her down payment with funds received under a property settlement entered into in connection with the contemplated divorce. On the day the house and lot were purchased Mrs. Coffey executed the declaration of trust that she now seeks to cancel. By that instrument she declared that she held the property in trust for her son. The declaration provides that during the child's minority the income from the property shall be used for the support of Mrs. Coffey and the child. After the child attains his majority the income is to be used for the mother's support alone. Mrs. Coffey reserves the power to convey the property to her son at any time, and if it has not been so conveyed during her lifetime the title shall pass to Elmer, Jr., at her death. Mrs. Coffey did not reserve in the instrument the power to revoke or modify the trust. Her husband joined in the instrument to release his curtesy, and the declaration was duly acknowledged and recorded on the day of its execution.

We find no basis in fact or in law for canceling this instrument. Mrs. Hughes, in testifying at what amounted to an *ex parte* hearing, did not contend that her approval of the document had been obtained by fraud, duress, or undue influence. She merely says that, although she signed some papers in the office of her husband's attorney, she has no recollection of having signed this instrument. Neither this attorney nor the notary public who took the acknowledgment was called as a witness. We need not cite cases to show that a solemn written instrument, vesting valuable property rights in the infant beneficiary, cannot be set aside upon such flimsy evidence.

Nor is there merit in the appellant's various arguments that the instrument is invalid as a matter of law. It is said that no consideration is shown to have been paid for the declaration of trust, but none was necessary. Rest., Trusts, § 28. It is likewise immaterial that the instrument fails to specify how the income is to be divided between the mother and the child during the latter's minority, for the law imposes upon the trustee the duty of dealing impartially with two or more benefici-

aries. *Ibid.*, § 183. Finally, the instrument is not testamentary in character, since the child's interest vested upon the execution of the declaration, even though his possessory enjoyment was postponed. *Ibid.*, § 56.

Affirmed.