FERGUSON *v.* HAYNES.

5-521                                                   273 S. W. 2d 23

Opinion delivered December 6, 1954.

*W. H. Kitchens, Jr.,* for appellant.

*McKay, McKay & Anderson,* for appellee.

GEORGE ROSE SMITH, J.   This is a bill in equity by which the appellant, W. B. Ferguson, seeks to cancel a warranty deed which he executed and delivered to one of the appellees, Mrs. C. H. Haynes, in 1939. The deed

in question conveyed an undivided interest in certain minerals to Mrs. Haynes for life, with remainder to her six children, who are also appellees. The chancellor held that the plaintiff's proof was not sufficiently clear and convincing to warrant cancellation of the instrument.

Ferguson and Mrs. Haynes are half cousins and were on friendly terms in 1939. According to Mrs. Haynes, Ferguson came to the hotel where she was living and handed her the deed, saying: "That's for you and the children at your death." He instructed her to keep the deed safe but not to have it recorded. Mrs. Haynes testified that Ferguson was not drunk, "not one bit," at the time, and this statement is corroborated by the notary who took the grantor's acknowledgment.

Ferguson's own version of the transaction is neither clear nor convincing. He admits the genuineness of his signature, but he professes to have no recollection of having executed or delivered the deed. Taken as a whole, Ferguson's testimony amounts not to a denial that he conveyed the property but to an assertion that he must have been drunk at the time, for he knows of no reason for him to have given the mineral interests to his cousin. The chancellor was right in refusing to sustain such a feeble attack upon a solemn written instrument. *Cf. Hughes v. Coffey,* 222 Ark. 945, 263 S. W. 2d 689.

Nor is there merit in the other arguments now advanced by the appellant. It is pointed out that Ferguson received no consideration for what was apparently a gift; but since a deed is a present grant rather than a mere promise to be performed in the future no consideration is required. *O'Connor v. Patton,* 171 Ark. 626, 286 S. W. 822. Again, it is argued that Ferguson's delivery of the instrument was legally ineffective, because he directed that the deed be withheld from the public records. There was a manual delivery, however, and even an agreement by the grantee that the instrument will not be recorded does not prevent the passage of title. *Lindsey v. Christian,* 222 Ark. 169, 257 S. W. 2d 935. Finally, Ferguson relies upon the fact that the original deed dis-

344

closes evidence of alteration, some typewritten clauses having been erased and replaced by different language. But the flaw in this argument lies in the absence of proof that these changes were made after the deed was delivered. This want of proof cannot be supplied by a presumption that the alterations were made after the effective date of the deed, *Phipps-Reynolds Co.* v. *McIlroy Bk. & Tr. Co.,* 197 Ark. 621, 124 S. W. 2d 222; for such a presumption would jeopardize the validity of innumerable documents that have been corrected, in good faith, prior to their execution.

Affirmed.