LAFRAYE PARKEY *v.* CLARIA BAKER

5-6234                                                    492 S.W. 2d 891

Opinion delivered April 16, 1973

*Harkness, Friedman & Kusin,* for appellant.

*Larry R. Wright* and *Hubbard & Patton,* for appellee.

FRANK HOLT, Justice. The issue on this appeal is appellant's and appellee's respective interests in certain Arkansas lands. Both parties are divorcees of the same husband, Kenneth Perry. Appellant and Perry were married in 1962 and acquired the lands in question, 114 acres in Arkansas, as tenants by the entirety and mortgaged the property during their marriage. Thereafter or in 1968, appellant divorced Perry in Texarkana, Texas, and she was awarded the Arkansas property by the Texas court in ascertaining the rights of the parties to their jointly owned property in Texas and Arkansas. The decree did not require nor did Perry ever convey the Arkansas property to appellant.

Perry married appellee in 1970 and conveyed to her an undivided one-half interest in the Arkansas lands. Subsequently, that same year the appellee, to avoid foreclosure proceedings, paid appellant's and Perry's indebtedness on the Arkansas property as well as some in Texas. In 1971 appellee divorced Perry in Texas.

Approximately five months later appellee filed this action, a Bill of Equity for Contribution and Foreclosure, against the appellant alleging, *inter alia,* that she and appellant, as a result of the divorce between Perry and appellant, his first wife, and the deed from Perry to appellee, his second wife, became joint owners as tenants in common of the Arkansas property notwithstanding the original Texas divorce decree which awarded the Arkansas property to appellant. Appellant denied the allegation and responded as "cross-plaintiff" that she had "acquired title" to the property as a result of the Texas divorce decree and is, therefore, the sole owner on that theory only.

The chancellor found that appellant and Perry acquired the Arkansas property as tenants by the entirety and became tenants in common as a result of their Texas divorce and that appellee owned a one-half (½) interest in the Arkansas property as a result of Perry's deed to her. A judgment was awarded against the appellant for her

proportionate part of the mortgage payment made by appellee on the Arkansas property plus interests and costs. For reversal appellant contends that "the court erred in holding that Claria Baker [appellee] had a one-half (½) interest in the property in question and that the deed dated July 24, A.D., 1970, signed by Kenneth L. Perry was valid."

The possibility of an estate by the entirety is neither raised nor discussed by either party. As we understand appellant's pleadings and contention, the narrow issue presented is whether the Texas court could render a decree which vests title in her to the lands in Arkansas. It is well settled in our state that a divorce court in another jurisdiction does not have the authority or power to render a decree in rem which affects the legal title to real estate in our jurisdiction even though that court has in personam jurisdiction of the litigants. *Tolley* v. *Tolley,* 210 Ark. 144, 194 S.W.2d 687 (1946). There we said:

> "And in Leflar on 'Conflict of Laws,' § 119, the rule is stated: 'The only state which can, by operation of law and apart from the act of the parties, transfer title in land out of one person into another is the state where the land lies.' "

See, also, 24 Am. Jur. 2d Divorce and Separation, § 996. In other words the courts of another state can not vest title to real property in Arkansas.

Perry, as an intervenor who does not appeal, in disavowing the purpose of his deed to appellee, admitted that he signed the deed. On appeal appellant makes the argument that Perry's deed to appellee was intended as a mortgage and, also, there was no consideration paid by appellee to Perry. These issues are first raised by appellant on appeal and, therefore, we cannot consider them. Even if properly pleaded and presented to the trial court by appellant, suffice it to say that the deed required no consideration "since a deed is a present grant rather than a mere promise to be performed in the future. . ." *Ferguson* v. *Haynes,* 224 Ark. 342, 273 S.W.2d 23 (1954). Furthermore, we could not say the finding of the chan-

cellor that it was not shown that a mortgage was intended by the deed is against the preponderance of the evidence.

Affirmed.