19994

Martha G. JOHNSON, Respondent, v. Beverly Louise THORNTON and Bealer Christine Jakubecy, Appellants

(214 S. E. (2d) 124)

*Messrs. Kermit S. King* and *O. Fayrell Furr, Jr.,* of Co-
lumbia, *for Appellants,*

*Robert J. Thomas, Esq.,* of Columbia, *for Respondent,*

April 14, 1975.

Moss, Chief Justice:

Martha G. Johnson, the respondent herein, brought this action against Beverly Louise Thornton and Bealer Christine Jakubecy, the appellants herein, under the Uniform Declaratory Judgments Act, Section 10-2001 *et seq.,* of the Code, to construe a purported testamentary trust set forth

in Item V of the will of one Minnie Lee Johnson Ricks, who died in 1969, seized and possessed of a parcel of real property located in Richland County, which is the *corpus* of the purported trust.

Item V of the will of Minnie Lee Johnson Ricks, which is of record in the Court of Probate for Richland County, is as follows:

"I give and bequeath all real estate not mentioned I might own at my death to my daughter, Beverly Louise Thornton, as trustee for my three children, Beverly Louise Thornton, Casey McCullen Johnson and Bealer Christine Jakubecy. Beverly Louise Thornton, as trustee, shall have absolute, complete, and sole power in the management or sale of these properties and distribution of such funds that may arise from these properties."

The respondent alleges in her complaint that Casey Mc-Cullen Johnson, one of the beneficiaries named in Item V of the will, died on March 20, 1972, and devised all of his property to her, including an undivided one-third interest in the trust property. It is further alleged that the trust created by Item V was a passive or dry trust and that fee simple title passed directly to the three named beneficiaries, each receiving an undivided one-third interest therein, pursuant to the Statute of Uses, Section 67-8 of the Code. The respondent further alleges that, even if the trust was not passive or dry, no purpose would be served by the trust, and it should be terminated in favor of the three persons holding the beneficial interest in the property, and that as owner of an undivided one-third interest therein, she is entitled to a partition, but since it is not practical to partition the property in kind, it should be sold and the proceeds divided equally among the beneficiaries.

The appellants, by their answer, deny that Casey McCullen Johnson had an undivided one-third interest in the property, and deny that the trust created by Item V was passive or dry and that fee simple title passed directly to the three

named beneficiaries; but allege, on the contrary, that the trust was an active one and not executed by the Statute of Uses. The appellants also deny that there is no purpose being served by the trust and deny that the trust should be terminated in favor of the three named beneficiaries. They further allege that if the trust should be terminated because it is serving no purpose, then the property should revert to the estate of Minnie Lee Johnson Ricks and pass through the residuary clause of her will.

The appellants further allege that the terms of the trust setting out the duties of the Trustee are so vague and uncertain that it should be declared void at its inception, and a resulting trust to the estate declared and the corpus of the trust should pass by way of the residuary clause of the will.

As a further defense, the appellants allege that if the trust was valid, it was a discretionary one, giving the Trustee the absolute, complete, and sole power in the management or sale of the property and in the distribution of such funds that may arise therefrom, and respondent has no right to compel the Trustee to make any distribution to her even if she be declared to have a beneficial interest in the property.

This case was referred to the Master in Equity for Richland County, to take the testimony, and to make his recommendations. The Master, after holding a Reference, filed his report finding, *inter alia,* that: (1) a valid trust was created in Item V of the will of Minnie Lee Johnson Ricks; (2) the trust, being a passive one, was executed by the Statute of Uses, Section 67-8 of the Code, and vested a fee simple title in the named beneficiaries; and (3) each of the beneficiaries owns a one-third undivided fee simple interest as a tenant in common in the trust property and that such property be sold for partition and the proceeds of the sale, after the payment of the costs of the action, be divided equally among the three named beneficiaries.

The appellants duly excepted to the Report of the Master, and such exceptions were heard by the Honorable Wade S.

Weatherford, Presiding Judge, who confirmed the Report of the Master with the modification that, in conformity with the request and agreement of counsel, the parties have an opportunity to negotiate a private sale of the property within a period of three months after the date of the decree, and failing in this, that the property be sold in accordance with the recommendations of the Master. The trial judge also held that Beverly Louise Thornton had defaulted in her duties as Trustee, and because of such the trust should be terminated. This appeal followed.

The first question for determination is whether there was error on the part of the lower court in finding and concluding that a valid trust was created in Item V of the will of Minnie Lee Johnson Ricks. In determining this question we are guided by the rule that in construing the provisions of a will the intention of the testator is the primary inquiry of the court. *Rickard v. Miller,* 231 S. C. 98, 97 S. E. (2d) 257. An examination of Item V of the will impels us to the conclusion that the testatrix did intend to create a trust. There was a declaration of the trust, property to which the trust pertained, a Trustee, and named beneficiaries. We conclude, as did the Master and the trial judge, that a trust was, in fact, created by Item V of the will.

The next question for determination is whether the trust was executed by the Statute of Uses.

In a passive trust the legal and equitable titles are merged in the beneficiaries and the beneficial use is converted into legal ownership, but as to an active trust the title remains in the trustee for the purpose of the trust. In *Ayer v. Ritter,* 29 S. C. 135, 7 S. E. 53, this Court said:

"It has been uniformly held 'that the statute will not execute the use as long as there is anything remaining for the trustee to do which renders it necessary that he should retain the legal title in order fully to perform the duties imposed upon him.' " *Farr v. Gilreath,* 23 S. E. 502, 512;

*Huckabee v. Newton,* 23 S. C. 291; *Reynolds v. Reynolds,* 61 S. Ct. 249, 39 S. E. 391; *Young v. McNeill,* 78 S. C. 148, 59 S. E. 986; *Bristow v. McCall,* 16 S. C. 545, 548; *McNish v. Guerard,* 4 Strob. Eq. 66, 74; *Porter v. Doby,* 2 Rich. Eq. 49, 53.

Under Item V of the will, the Trustee was given "absolute, complete, and sole power in the management or sale of these properties, and distribution of such funds that may arise from these properties". It is thus apparent that the Trustee was empowered to and had the duty to manage or sell the property and to distribute any funds that may arise from either the management or sale.

For a trust to be active it is essential that the interposition of the trustee be necessary to carry out the valid purposes of the trust, the test being that, with respect to the control, protection, management, or disposition of the trust property, the trustee has imposed on him, expressly or by implication, some active and substantial duty to perform, or useful purpose to subserve. 90 C. J. S. Trusts § 177, p. 63. Since it would be impossible for the Trustee to perform the duties imposed upon her unless permitted to retain the legal title, equity will not permit it to be transferred to the beneficiaries under the Statute of Uses. *Black v. Harmon,* 127 S. C. 359, 120 S. E. 705. It follows that it was error to invoke the Statute of Uses.

The appellants charge error on the part of the trial judge in not holding that the trust, if valid, was a discretionary one, and the Trustee had sole discretion as to whether or not to make payments from the trust and to whom the benefits would be payable among the beneficiaries.

The beneficiaries of the trust were all children of the testatrix, and there is no language in Item V from which it can be concluded that the Trustee had authority to treat the beneficiaries unequally.

In 89 C. J. S. Trusts § 45(d), p. 791, the following rule is stated: "Respective interests need not be designated where

there are several beneficiaries, as it is presumed they take equal interests, so that the trust is not uncertain". In the case of *Hughes v. Coffey,* 222 Ark. 945, 263 S. W. (2d) 689, it was held that the failure of a trust instrument to specify how the income is to be divided between two beneficiaries does not invalidate the trust since the law imposes on a trustee the duty to deal impartially with two or more beneficiaries.

It is our conclusion that Beverly Louise Thornton, as Trustee, could not exercise an arbitrary discretion in the distribution of the funds that arose from the trust property. Under the terms of the trust she had only the discretion as to the management or sale of the property. The trial judge committed no error in refusing to hold that the Trustee had full discretion as to whether or not to make payments from the trust and to whom the benefits would be payable among the beneficiaries.

The appellants alleged that the trial judge committed error in concluding that because the Trustee had defaulted in her duties, the trust should be terminated.

A trust does not terminate or lapse merely by reason of the misconduct or violation of the trust by the trustee. 76 Am. Jur. (2d), Trusts, Section 85, Page 332.

We have carefully reviewed the record and find nothing therein from which it could be concluded that the Trustee was guilty of misconduct or had defaulted in her duties as Trustee. The trial judge committed error in holding that the Trustee was guilty of misconduct in relation to the trust and terminating the trust for such reason.

As is heretofore stated, the Trustee was given the sole power "in the management or sale" of the trust property "and distribution of such funds that may arise from these properties". Item V invests the Trustee with the power to sell the trust property.

Having concluded that the trust was an active one and that it should not be terminated because of any default or misconduct of the Trustee, it follows that the order of the lower court directing the sale of the trust property is without any support or basis in the record. Accordingly, that portion of the circuit decree is reversed.

The judgment of the lower court is, in part, reversed but otherwise affirmed in accordance with the views hereinabove expressed.

LEWIS, BUSSEY and LITTLEJOHN, JJ., and NESS, A. A. J., concur.