Robert JOHNSON *v.* Alice RAMSEY, Allen Walters and Hattie Walters

91-90                                                817 S.W.2d 200

Supreme Court of Arkansas
Opinion delivered October 21, 1991

*W. Hunter Williams, Jr.;* for appellant.

*Ralph E. Wilson,* for appellee.

STEELE HAYS, Justice. This is an appeal from a declaratory judgment entered in the Mississippi Chancery Court. The facts are not in dispute. On July 15, 1970, the appellee, Alice Ramsey, purchased from D.S. and Elizabeth Laney a lot in Osceola, Arkansas, on Poplar Street. Ramsey executed a note and deed of trust to the Laneys for the purchase price in the sum of $4,500.00 payable at $40.00 per month.

On August 10, 1970, Alice Ramsey executed a warranty deed to Allen Walters for the Poplar Street property. The warranty deed omitted one of the calls so that the property was incorrectly described.

The deed from Ramsey to Walters provided for $10.00 consideration paid by Walters "and other good and valuable consideration, including, but not limited to, the payment of all

sums due D.S. Laney on a Promissory Note dated July 15, 1970. . ."

On April 2, 1990, the appellant, Robert Johnson, obtained a default judgment against Allen Walters arising from a motor vehicle collision. Thereafter, the Mississippi Circuit Court issued a writ of execution commanding the sheriff to recover from Allen Walters the amount of the judgment granted in favor of Johnson. The sheriff returned the writ *nulla bona*, however, when it was discovered that Allen Walters had record title to the Poplar Street property; a second writ of execution was issued.

On June 22, 1990, Walters executed a quitclaim deed to Alice Ramsey for the Poplar Street property. The deed recited that Allen Walters was reconveying the property that was "held in trust" by Walters on behalf of Alice Ramsey. Because of the reconveyance to Alice Ramsey the sheriff declined to execute the second writ of execution.

In August of 1990 Alice Ramsey filed a suit for declaratory judgment, naming Robert Johnson and the sheriff as defendants. Ramsey asked that she be declared the owner in fee simple of the Poplar Street property and for an injunction to prevent a sale of the property. The sheriff was subsequently released from the suit.

Robert Johnson filed a counter-claim against Alice Ramsey and a third party complaint against Allen Walters and his wife, Hattie Walters, alleging that he obtained a default judgment against Allen Walters and after the judgment was served on him, Walters transferred all his real and personal property to Hattie Walters or Alice Ramsey with the intent to hinder, delay or defraud Johnson. Johnson requested that all the transfers of real and personal property be void and that the sheriff be ordered to levy on all assets transferred by Allen Walters to Hattie Walters or Alice Ramsey or any proceeds derived from the transfers.

After a hearing the court found that certain real property belonging to Allen Walters was fraudulently conveyed to Hattie Walters and that Alice Ramsey was the owner in fee simple of the Poplar Street property. Robert Johnson appeals the finding regarding the ownership of the Poplar Street property.

In a letter opinion, the chancellor made the following findings: Allen Walters had no interest in the Poplar Street

property because the property description in the deed from Ramsey to Walters is faulty; Walters does not seek reformation of the deed and Robert Johnson lacks standing to seek that relief; if the litigation was between Ramsey, the grantor, and Walters, the grantee, the court would find that the erroneous description in the deed should be reformed, and Walters had no interest in the Poplar Street property because there has been a total lack of consideration.

Johnson challenges the chancellor's findings, arguing that consideration was not relevant to the deed's validity and reformation was not necessary because the August 10th deed made specific reference to the deed of trust executed to Laney which contained a correct legal description of the property. Johnson insists that all essential elements of a deed were proven and the court should have found that Allen Walters owned the Poplar Street property.

We agree with Johnson that consideration and reformation are not necessary for the validity of this deed, however, the requirement of delivery of the deed is lacking, thus, the chancellor did not err in finding that the Poplar Street property did not belong to Allen Walters.

First, turning to the issues of consideration and reformation, we have said that inadequacy of consideration is not a ground for setting aside a voluntary conveyance. *Rose* v. *Dunn*, 284 Ark. 42, 679 S.W.2d 180 (1984); *Parker* v. *Baker*, 254 Ark. 283, 492 S.W.2d 891 (1973); *Whatley & Wright* v. *Corbin*, 252 Ark. 561, 480 S.W.2d 142 (1972). We have also held that a deed will not be invalid for uncertainty of description if a proper description is furnished by reference to another instrument. *Rye* v. *Baumann*, 231 Ark. 278, 729 S.W.2d 161 (1959); *See also Liggett* v. *Church of Nazarene*, 291 Ark. 298, 724 S.W.2d 170 (1987); *Sorrells* v. *Bailey Cattle Co.*, 268 Ark. 800, 595 S.W.2d 950 (1980).

The chancellor's findings on reformation and consideration do not warrant reversal because there was no delivery of the deed. A deed is inoperative unless there has been delivery to the grantee and an essential element of a valid delivery is the grantor's intention to pass title immediately, thus, giving up dominion and control of the property. *Parker* v. *Lamb*, 263 Ark.

681, 567 S.W.2d 99 (1978). Even though a presumption of delivery of a deed attaches when the deed is recorded, as occurred here, that presumption may be rebutted by other factors pertaining to the deed. *See Crowder* v. *Crowder*, 303 Ark. 562, 798 S.W.2d 425 (1990).

Alice Ramsey testified that in August of 1970 she became ill and did not think she was going to live. At that time she had several children living at home and decided Allen Walters would be the person who would maintain her property for her children. Speaking about the execution of the warranty deed to Walters, Ramsey stated, ". . .I didn't mean to give it to him then, I just meant for him to see after it so my kids could have somewhere to stay because there wasn't nobody. . .I didn't have no relatives around and the kids was small." Ramsey further testified that she paid all payments on the property as well as the property taxes. At trial the following exchange took place between Ramsey's attorney and Allen Walters:

Q.  Well, did you claim that you owned the property?

A.  Well, I didn't own it because I didn't pay nothing on it. All I know is that she just put it over into my name on account of she was sick, she was having this problem.

Q.  And you never have claimed to own the property?

A.  No, sir. Never have claimed to own it. I haven't paid nothing on it.

The testimony of Alice Ramsey corroborated by Allen Walters showed that Ramsey did not intend to give up dominion of her property. This testimony sufficiently rebuts the presumption of delivery of the deed. Consequently, Allen Walters did not receive any interest in the Poplar Street property.

Johnson argues next that the Chancellor erred in establishing Alice Ramsey as owner of the real property because she participated in a fraudulent transfer of the property. This argument fails because of the finding that delivery of the deed was lacking, therefore, there was no transfer of the Poplar Street property.

Johnson also raises an issue concerning laches, but, finding no reference at the trial level to this argument, we do not

address it on appeal.

■ The appellant's final argument is that Ramsey's complaint should have been dismissed pursuant to Ark. R. Civ. P. 12(b)(6) because she was required to include Allen Walters as a party to her declaratory judgment because his interests would be affected by the proceeding. *See Files* v. *Hill*, 268 Ark. 106, 594 S.W.2d 836 (1980). Even if Ramsey should have named Walters as a party, that omission resulted in no prejudice to Johnson because in his counter-complaint and third party complaint he named Walters as a third party defendant to Ramsey's declaratory judgment action.

Affirmed.