**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Samuel L. McPherson, as Presiding Elder of the Abbeville-Greenwood District of the African Methodist Episcopal (A.M.E.) Church, Appellant-Respondent,

v.

Henry Banks, Mary Robinson, Delois Phillips, Naomi Mattison, and Frank Mattison, Respondents-Appellants.

Appellate Case No. 2013-002236

————

Appeal From McCormick County
Frank R. Addy, Jr., Circuit Court Judge

————

Unpublished Opinion No. 2015-UP-355
Heard June 10, 2015 – Filed July 15, 2015

————

**AFFIRMED**

————

William T. Toal and I.S. Leevy Johnson, both of Johnson Toal & Battiste, PA, of Columbia, for Appellant-Respondent.

Marvin R. Watson, of Watson Law Firm, of Greenwood, for Respondents-Appellants.

————

**PER CURIAM:** Samuel L. McPherson, as Presiding Elder of the African Methodist Episcopal Church for the Abbeville-Greenwood District (the AME Church), appeals the order of the trial court granting summary judgment to members of Rockford Church (Rockford), in which the court found the AME Church failed to prove any ownership interest in personal property held in a bank account (the Bank Account) and 4.5 acres of real property (the 4.5-acre tract).[1] Rockford filed a cross-appeal arguing the trial court erred in determining the AME Church held an equitable interest in the 13.1 acres of real property (the 13.1-acre tract) adjacent to the church. We affirm.

1. The trial court did not err in finding the AME Church does not hold any ownership interest in the 4.5-acre tract.[2] We find the Book of Discipline is not sufficient to create a trust in favor of the AME Church. *See* S.C. Code Ann. § 62-7-401(a)(2) (Supp. 2014) ("To be valid, a trust of real property, created by transfer in trust or by declaration of trust, must be proved by some writing signed by the party creating the trust."); *All Saints Parish Waccamaw v. Protestant Episcopal Church in Diocese of S.C.*, 385 S.C. 428, 437, 449, 685 S.E.2d 163, 168, 174 (2009) (finding an express trust provision in a church constitution could not have created a trust over the local church's property because, without legal title to the property, a denominational church could not declare the property was held in trust); *id.* at 449, 685 S.E.2d at 174 ("It is an axiomatic principle of law that a

---

[1] To the extent the AME Church argues the trial court erred in declining to allow it to depose several individuals during the pendency of this appeal, we find the AME Church abandoned this argument on appeal. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); Rule 211(b)(2), SCACR (stating a party may correct typographical errors and misspellings contained in the initial brief but no other changes may be made to the final brief).

[2] We note, as Rockford correctly points out, this court has recently decided two cases with very similar issues involving the AME Church. *See Glover v. Manning*, Op. No. 2014-UP-256 (S.C. Ct. App. filed June 25, 2014) (*Glover I*); *Glover v. Stevenson*, Op. No. 2014-UP-257 (S.C. Ct. App. filed June 25, 2014) (*Glover II*). Both *Glover I* and *II* concluded the Book of Discipline (the Discipline) alone did not create an express trust in favor of the AME Church because it was not signed by the local church and the AME Church presented no signed documents in which the local church consented to the trust provisions. Additionally, those opinions held the AME Church did not create a trust over the local church's property through the Discipline because the AME Church did not hold title to that property.

person or entity must hold title to property in order to declare that it is held in trust for the benefit of another or transfer legal title to one person for the benefit of another."). A Special Referee conveyed the 4.5-acre tract to "Trustees for Rockford [AME] Church" without reference to a trust in favor of the AME Church. Further, nothing in the chain of title for the 4.5-acre tract suggests Rockford intended to hold the property in trust for the AME Church. Whether the title to the 4.5-acre tract is held by "Rockford Church" or "Rockford AME Church," the AME Church presented no signed documentation to indicate Rockford ever intended or explicitly agreed to hold such property in trust for the AME Church. Moreover, despite the AME Church's contentions, simply including the designation of "AME" in Rockford's name does not prove the 4.5-acre tract is held in trust for the AME Church.

2. The trial court did not err in determining Rockford held legal and equitable title to the Bank Account. *See Baptist Found. for Christian Educ. v. Baptist Coll. at Charleston*, 282 S.C. 53, 58, 317 S.E.2d 453, 457 (Ct. App. 1984) ("A gift is a voluntary transfer of property by one to another without any consideration or compensation therefor."); S.C. Code Ann. § 62-7-401(a)(2) ("A transfer in trust of personal property does not require written evidence, but must be proven by clear and convincing evidence . . . ."). The record demonstrates the disputed account included funds donated to repair Rockford's sanctuary. As with the 4.5-acre tract, whether the funds were deposited into an account entitled "Rockford Church" or "Rockford AME Church," the funds were gifts to a local church that has disaffiliated from the national church. The record does not include evidence demonstrating Rockford intended to use the money for the benefit of the AME Church. The "AME" title alone does not establish that the AME Church holds an interest in the Bank Account's funds.

3. The trial court did not err in determining the AME Church holds an equitable interest in the 13.1-acre tract. When Rockford purchased the tract from Atlantic Coast Properties, Inc., the deed provided the tract was held in trust for the AME Church. *See Cartee v. Lesley*, 290 S.C. 333, 336, 350 S.E.2d 388, 390 (1986) ("A trustee must exclude all selfish interest in his dealings on behalf of the beneficiaries."); *Johnson v. Thornton*, 264 S.C. 252, 259, 214 S.E.2d 124, 128 (1975) ("A trust does not terminate or lapse merely by reason of the misconduct or violation of the trust by the trustee."). Nothing in the record suggests the AME Church authorized Rockford to convey the property to itself. Further, no evidence demonstrates Rockford had authority to revoke the trust or that the AME Church approved such transfer. Accordingly, we affirm. Because we find the trial court did not err as to this issue, we decline to reach the parties' arguments regarding

constructive trusts.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address other issues the appellant raised because resolution of a prior issue was dispositive).

**AFFIRMED.**

**THOMAS, GEATHERS, and LOCKEMY, JJ., concur.**