SMITH *v.* SMITH.

4-9354                                    235 S. W. 2d 886

Opinion delivered January 22, 1951.

*Opie Rogers* and *W. F. Reeves,* for appellant.

*N. J. Henley,* for appellee.

HOLT, J.   D. W. Smith died intestate March 18, 1948. He left surviving six adult children, three of whom are appellees and the other three the appellants. Essential facts are not in dispute. Appellees lived in the farm home with their father, whose wife had predeceased him.

February 24, 1948, the father, D. W. Smith, executed and delivered to appellees an instrument, in form a warranty deed, to his farm home, the land involved here, (appellants were not mentioned in the instrument) in consideration of appellees agreeing to care for him so long as he might live and to pay his debts and funeral expenses.

The land conveyed (approximately 135 acres) was in four calls, two were definite in description and two indefinite. The deed also contained this clause: ''I make this

deed with the express understanding that Pauline Burr Smith shall have no part herein either at this time or later. This deed does not become effective until my death."
Pauline Burr Smith was the wife of appellee, Hugh Smith.

It is undisputed that appellees, in keeping with their agreement, cared for their father until his death and paid all his obligations and funeral expenses.

Appellants brought the present suit March 16, 1949. They alleged that the purported deed was void because the land was not properly and sufficiently described. "That said instrument was testamentary under the provision of the same and was not intended to pass the title at once, but provided: 'I make this deed with the express understanding that Pauline Burr Smith shall have no part herein either at this time or later. This deed does not become effective until my death.' That at the time of the execution of said instrument the said Pauline Burr (Brewer) Smith was the wife of defendant, Hugh Smith, and was intended to disinherit her from ever sharing in the property of the deceased and was therefore testamentary, and was and thereafter did become a will. Plaintiffs also say that there was no intention to pass the title immediately to the defendants herein, and it was the intention of said D. W. Smith for title not to pass until after the death of the said grantor; and said instrument not having been witnessed as required by law, the same is void, and the defendants herein have no title except as heirs of D. W. Smith, deceased, in said lands."

Appellees interposed a general denial and in a cross-complaint, conceded that parts of the description of the land were inaccurate and asked for reformation to show proper description in accordance with the intention of the parties.

The court determined all issues in favor of appellees. The decree recited: "The trial court is of the opinion that the instrument is a deed and that the provision, 'The deed does not become effective until my death,' amounts only to a reservation in the grantor of a life estate. . . . Since it is admitted that it was the intention of the father

to convey all the lands herein involved, this court is of the opinion that mistake or inaccuracy of description would not defeat that intent. The contract between him and the defendants provided for the conveyance of all of the farm.'' Reformation of the description in the deed was ordered as prayed, title to the land involved was quieted and confirmed in appellees and appellants' complaint dismissed for want of equity.

The decree was correct. The instrument in question was, in effect, a valid warranty deed and not testamentary in character. It was delivered to grantees, appellees, by the grantor during his lifetime and the provision ''this deed does not become effective until my death'' amounted to a reservation in the grantor, D. W. Smith, of a lifetime estate only. The provision that Pauline Burr Smith, wife of appellee, Hugh Smith, ''shall have no part herein either at this time or later,'' must be treated as surplusage, and does not change the effect of the instrument here, which contains every essential element necessary to convey to appellees a fee simple title, subject only to the life estate of their father (grantor).

The applicable rule is stated in 26 C.J.S., § 45, p. 246: ''A deed containing a provision that it is not to take effect until the grantor's death is actually delivered to the grantee during the lifetime of the grantor, it will be sustained as a present grant of a future interest.'' The textwriter cites in support of the text *Owen* v. *Owen,* 185 Ark. 1069, 51 S. W. 2d 524. We there said: ''The deed to the home place also contains a covenant that the father is to remain in possession of that during his life, and that the deed should not become operative until his death. This was a valid covenant. *Reynolds* v. *Balding,* 183 Ark. 397, 36 S. W. 2d 402,'' and in *Sutton* v. *Sutton,* 141 Ark. 93, 216 S. W. 1052, we held (Headnote 2):

''An instrument, in the form of a warranty deed, and acknowledged as such, and so headed, conveying land to a grantee, 'and unto his heirs and assigns forever,' but with an habendum clause making the instrument inoperative until the grantor's death, is a deed and not a will; the

limitation does not defeat the passing of title, but does reserve possession to the grantor during his lifetime.''

The court did not err, in the circumstances, in reforming certain misdescriptions in the deed. These mistakes were mutual. It was undisputed that the grantor, D. W. Smith, intended to convey his farm, which was all the real estate he owned at the time, for the consideration that appellees, grantees, would care for him during his life and pay his debts and funeral expenses. There appears to be no doubt as to the land the grantor intended to convey, and appellees (grantees) intended to receive. See *Walker* v. *David*, 68 Ark. 544, 60 S. W. 418.

As has been pointed out, appellees faithfully performed all of the conditions imposed and were entitled to reformation as prayed.

Accordingly, the decree is affirmed.