LINDSEY *v.* CHRISTIAN.

5-93                                            257 S. W. 2d 935

Opinion delivered May 18, 1953.

*C. T. Bloodworth* and *Bryan J. McCallen,* for appellant.

*Gerald Brown* and *Kirsch & Cathey,* for appellee.

GEORGE ROSE SMITH, J. This case centers upon the validity of a deed executed by C. E. Lindsey. The litigants pleaded all relevant facts so that the point of law

could be raised by demurrer to the answer. The effect of the chancellor's action in overruling this demurrer was to hold the deed valid.

In 1939 Lindsey conveyed three residential lots to the appellee, the deed reciting, ''This deed is not to be effective until death of grantor.'' The instrument was delivered to the appellee and retained by her until Lindsey's death in 1952. Lindsey's heirs then brought this suit to cancel the conveyance upon the theory that it was testamentary in character.

We have held in a long line of cases, some of which are reviewed in *Smith* v. *Smith,* 218 Ark. 228, 235 S. W. 2d 886, that a deed like this one, if delivered, is a valid grant of a future interest, the quoted language merely reserving a life estate to the grantor. Here it is shown that the appellee agreed not to record the instrument until Lindsey's death, but this fact does not distinguish the case from our earlier decisions. Since the remainder interest passed upon delivery of the deed it makes no difference, as between the parties to the conveyance, whether the deed was ever placed of record.

The appellants also rely on the fact that in 1940 Lindsey conveyed certain business property to the appellee by a similar unrecorded deed. Later on the two agreed that Lindsey might sell the business property to a third person, which was done. Even though in that situation the purchaser might acquire a title superior to that of the appellee under her unrecorded conveyance, we do not perceive that that circumstance has any bearing upon the construction of the instrument now before us.

Affirmed.