McCALLEN, ADMINISTRATOR *v.* CHRISTIAN.

5-565                                     274 S. W. 2d 350

Opinion delivered January 10, 1955.

*Bloodworth & Bloodworth,* for appellant.

*Gerald Brown* and *Kirsch & Cathey,* for appellee.

J. SEABORN HOLT, J. This suit involves the ownership of a $5,000.00 time certificate on deposit in The Corning Bank, and is a second appeal growing out of transactions between C. E. Lindsey and appellee, Ida Mae Christian, who was his niece. (Opinion delivered May 18, 1953, *Lindsey* v. *Christian,* 222 Ark. 169, 257 S. W. 2d 1935).

C. E. Lindsey died intestate February 4, 1952. The above certificate bore the name of appellee, as payee, and was found in decedent's lock box at the time of his death. Appellee alleged that she was entitled to the certificate for the reason that she was at all times the absolute owner thereof. From a decree in favor of appellee is this appeal.

Material facts appear not to be in dispute.

May 9, 1940, Mr. Lindsey, then a widower, by warranty deed conveyed to appellee, Ida Mae Christian, a business building in Corning, Arkansas, and delivered the deed to her. This deed was regular in all respects with the exception that it contained this clause: "This deed is not to be effective until death of grantor, C. E. Lindsey." The deed was not recorded, but was held by her at the death of Mr. Lindsey. The effect of this deed was to convey a fee simple title to appellee, and was a valid grant of a future interest in the property, reserving to the grantor, Lindsey, a life estate only. The remainder interest passed with the delivery of the deed. That this deed was a valid conveyance as between the parties, although not recorded is clearly shown by our holding on the former appeal, above referred to, wherein we considered the validity and effect of another deed from C. E. Lindsey to appellee, containing the identical language: "This deed is not to be effective until death of grantor, C. E. Lindsey." We there said:

"We have held in a long line of cases, some of which are reviewed in *Smith* v. *Smith*, 218 Ark. 228, 235 S. W. 2d 886, that a deed like this one, if delivered, is a valid grant of a future interest, the quoted language merely reserving a life estate to the grantor. Here it is shown that the appellee agreed not to record the instrument until Lindsey's death, but this fact does not distinguish the case from our earlier decisions. Since the remainder interest passed upon delivery of the deed it makes no difference, as between the parties to the conveyance, whether the deed was ever placed of record."

It further appears that thereafter on January 3, 1950, Mr. Lindsey, after conferring with appellee and obtaining her consent, executed and delivered a warranty deed to this business property, here involved, to which, as indicated, appellee was entitled, to Earl Fitzgerald and wife for a cash consideration of $10,000. It appears that this $10,000 was disposed of in the following manner: $125.00 was deposited to the personal account of Mr. Lindsey in The Corning Bank; $1,875.00 was used to purchase U. S. Government Bonds payable to Mr. Lindsey and appellee as co-beneficiary and $5,000.00 was deposited by the decedent to the credit of appellee, Mrs. Ida Mae Christian, evidenced by the time certificate above, payable twelve months after death and which at decedent's previous instructions was, as indicated, made payable to the order of appellee and recited that she had actually made the deposit. Decedent had given appellee one of the keys to his lock box, their relation was very close, and clearly marked by close family ties. He had given to appellee not only the business property here involved but in addition residential property involved in the first appeal above, which decedent, appellee and her husband, all occupied as their home from 1945 until Mr. Lindsey died in 1952. The lock box, in addition to the above $5,000.00 time certificate, contained the $1,875.00 in savings bonds payable to appellee and decedent. Since both appellee and decedent had an interest in the property sold, it was immaterial what disposition they made of the proceeds of the sale of $10,000.00. They could make any agreement they might choose as to its disposition. The undisputed facts show that the $5,000.00 here in controversy in appellee's name and the $1,875.00 in U. S. Bonds payable to decedent or appellee were appropriated from the proceeds of the sale ($10,000.00) by descent.

We conclude, therefore, that the decree was correct and must be and is affirmed.