IDA WILHITE *v.* ELMER WILHITE ET AL

5-4251                                           415 S. W. 2d 44

Opinion delivered May 29, 1967

*James F. Daugherty,* for appellant.

*George P. Eldridge,* for appellee.

PAUL WARD, Justice. This litigation was instituted
to determine if a widow has any rights, upon death of
her husband, in a homestead consisting of eighty acres,
which he had deeded away (without her knowledge) ten
days before they were married.

The basic facts, about which there is no dispute, are
as here set out. Fred Wilhite and his first wife (who
died prior to 1944) had five children who are the ap-
pellees on appeal, and will be referred to as such. On
April 24, 1944 Fred executed a warranty deed to ap-
pellees conveying the land in question, and had the deed
recorded. On May 4, 1944 Fred was married to Ida who
is the appellant herein. They lived on the land until his
death, and then she remained there until the dwelling
burned down. Neither appellant nor any of the appellees
knew of the execution of the deed by Fred until shortly
before this suit was filed on August 30, 1965.

On the above date appellees filed suit in chancery
court against appellant asking for a declaratory judg-

ment to declare "that the defendant, Ida Wilhite, has no interest in the property . . ." After a trial the court granted the relief prayed, and this appeal follows.

On appeal appellant asks for a reversal on four separate grounds. We find no reversible error in the last three assignments, which are: (a) We hold there was a valid delivery of the deed to appellees in this instance under the case of *McCord* v. *Robinson,* 226 Ark. 350, 289 S. W. 2d 893. (b) Appellees are not estopped to assert their claim because of the long delay. Appellees filed their complaint herein promptly after learning of their rights under the deed. (c) The complaint described the lands as being in "Township Five (5) North" when it should have been in "Township Four (4) North" as appears in the deed. However, all the testimony clearly discloses this was merely a typographical error which can be corrected without prejudice to any one.

*First Point.* It is our conclusion that the case must be reversed because appellant was defrauded of her marital rights by the acts of her deceased husband. This Court has on several occasions considered matters of this nature. In the early case of *West* v. *West,* 120 Ark. 500 (p. 504), 179 S. W. 1017, it was said:

> "The general rule is that if a man or woman convey away his or her property for the purpose of depriving the intended husband or wife of the legal rights and benefits arising from such marriage, equity will avoid such conveyance or compel the person taking it to hold the property in trust for or subject to the rights of the defrauded husband or wife."

In *Harrison* v. *Harrison,* 198 Ark. 64 (p. 67), 127 S. W. 2d 270, there appears this statement:

> "The law is well settled in this state that if, shortly before marriage, the future husband conveys away his real estate, without the knowledge of his betrothed, the courts will set aside such conveyance." (citing cases)

The general rule, which appears to be in accord with our own cases, is well stated in 26 Am. Jur. page 806; Husband and Wife; Sec. 185.

There can be no doubt that the rule announced should apply in this case. Not only did Mr. Wilhite fail to tell appellant he had deeded away the property ten days before they were married, but he apparently misled her into thinking otherwise before and after the marriage.

Appellant testified they were engaged on February 14, 1944; that Fred told her before they married he owned the property, and; that she worked and helped to pay off a mortgage on the land after they were married.

The cause of action is, therefore, reversed and remanded for further proceedings consistent with this opinion.