## Mary M. CORZINE *v.* Mary K. FORSYTHE

77-265                                   563 S.W. 2d 439

Opinion delivered March 27, 1978
(In Banc)
[Rehearing denied April 24, 1978.]

*Gus R. Camp,* for appellant.

*Branch & Thompson,* for appellee.

DARRELL HICKMAN, Justice. This is an appeal of a case brought in the Clay County Chancery Court to set aside a deed and recover four rings.

The appellant, Mary Corzine, sued her niece, Mary Forsythe, the appellee, claiming a lack of delivery of the deed and that possession of the rings and access to the deed were obtained by fraud, deceit and misrepresentation. The chancellor found the deed was delivered to the appellee but ordered the rings, which the appellee claimed were given to her by the appellant, returned. We agree with the chancellor's decision.

The appellant raises three errors on appeal: the chancellor was wrong in finding there was a valid delivery of the deed; the court erred in permitting an attorney to testify regarding transactions between himself and the appellant, violating the attorney-client privilege; and, the court erred in prohibiting the introduction of a hospital record.

The appellant executed a deed in September, 1975, granting two lots to the appellee. She placed the deed in a lockbox in the Bank of Rector.

In 1976, the appellant broke her hip and was hospitalized. The appellee made three trips from her home in Illinois to see her aunt. During her second visit the appellee obtained a key to the appellant's lockbox and said she was instructed to record the deed. She also said she was given four rings by the appellant. The lawyer who drafted the deed testified that he was instructed by appellant in a note delivered by appellee to record the deed. He stated he waited several days before acting and called the appellant at the hospital to confirm that she wanted the deed recorded. He said he was assured the appellant wanted the deed recorded. It was.

Fraud is no issue on appeal and the court's ruling regarding the rings was not appealed.

First is the question of delivery. The appellant's evidence, mostly testimony by herself and a friend, was to the effect that she was under sedation in the hospital and did not intend to deliver the lockbox key nor the rings to her niece. She said her niece took the items without authority.

The appellee testified that she was given the key to the lockbox and a note to the appellant's lawyer asking that the

deed be recorded. She also said she was given the rings. The lawyer, who was accused by the appellant of being a part of the scheme, rebutted the appellant's statement.

The appellant argues there was insufficient testimony to support the finding of the chancellor that the deed was delivered. There was no question that the appellant executed the deed. However, she said she did not want the deed delivered until her death. We have held a presumption of valid delivery attaches when a deed is recorded. *Wilson* v. *McDaniel*, 250 Ark. 316, 465 S.W. 2d 100 (1971). There was ample evidence to support the chancellor's finding that the deed had been delivered. It was the appellant's burden to prove by clear, cogent and convincing evidence that she was incapable of having the necessary mental capacity for delivery of the deed. See *Whatley* v. *Corbin*, 252 Ark. 561, 480 S.W. 2d 142 (1972). We cannot say the chancellor's finding was against the preponderance of the evidence.

The appellant also argues that the attorney's testimony violated the attorney-client privilege and, therefore, should not be considered. An attorney is not bound by an obligation of secrecy when he is accused of a breach of duty to the client. See Rule 502(b)(2), Ark. Stat. Ann. § 28-1001 (Supp. 1977). In this case the attorney had been accused of being a part of a scheme to deprive the appellant of her property. Therefore, his testimony was admissible.

The chancellor would not admit into evidence a hospital record offered by the appellant. The appellant argues that the record showed that she was under sedation during this period of time. We review chancery cases *de novo*. *Mercantile Bank* v. *Phillips*, 260 Ark. 129, 538 S.W. 2d 277 (1976). We find it harmless error in this case that the record was not admitted. There was testimony by the appellant, corroborated by a witness, that she was under sedation during this period of time. However, the chancellor made a finding that she made a valid delivery of the deed. We cannot say that finding is against the preponderance of the evidence.

It might be argued that the finding of the chancellor in ordering the rings returned is inconsistent with his finding that the deed was delivered. Obviously the appellant was at-

tached to the rings and the appellee stated she had no objections to returning the rings. We do not find the chancellor's order to return the rings necessarily inconsistent with his finding that the deed was delivered.

Affirmed.

HOWARD, J., dissents.