Pauline Scroggins ADAMS *v.* James DOPIERALLA

80-266                                                         611 S.W. 2d 750

### Supreme Court of Arkansas
#### Opinion delivered February 23, 1981

*Howell and Price, P.A.*, by: *William H. Trice, III*, for appellant.

*Jacoway and Sherman*, for appellee.

DARRELL HICKMAN, Justice. This appeal concerns a determination of whether a deed was delivered during a lifetime. The appellant, Pauline Scroggins Adams, claimed that Felix Dopieralla gave her a deed during Dopieralla's lifetime. Adams' claim was resisted by James Dopieralla, the son of Felix. The chancellor found that the deed was invalid because it had not been delivered and awarded the property to James, the only son. The appellant argues that the chancellor was wrong in his decision. The appellee cross-appeals from a decision by the chancellor awarding the proceeds of a credit union account, amounting to about $4,000.00, to the appellant, Pauline Scroggins Adams.

We affirm the chancellor's finding that there was no delivery of the deed. We affirm the decision awarding the credit union account to Adams because the appellee did not comply with Rule 9 (e) by providing a sufficient abstract for us to decide the cross-appeal.

When Felix Dopieralla died in March, 1979, a sealed envelope was found in his house. The envelope contained a deed to his residence with Pauline Scroggins Adams named as the grantee. Mrs. Adams testified that Dopieralla had actually delivered the deed to her during his lifetime. The delivery was allegedly made at the home of a mutual friend, a Mrs. Nielson. Adams said that she did not record or keep the deed because her husband might not understand. She left the deed with Mrs. Nielson. Later, according to Adams, she gave the deed back to Dopieralla because Mrs. Nielson was leaving on an extended trip and she did not want to keep the deed. Dopieralla continued to occupy his home and exercise all rights of unlimited ownership over it. Dopieralla also continued to pay the taxes on the property. We have considered these acts to be contradictory to an intention to pass title immediately. *Broomfield* v. *Broomfield*, 242 Ark. 355, 413 S.W. 2d 657 (1967).

The appellant's argument regarding delivery cannot succeed in the light of the law and the chancellor's findings. A deed, to be valid in such cases, must be delivered. Delivery

means that there must be an intention to pass title immediately and the grantor must lose dominion over it. *Broomfield* v. *Broomfield, supra.*

In *Parker* v. *Lamb*, 263 Ark. 681, 567 S.W. 2d 99 (1978) we considered a similar situation. The Parkers, on the advice of an abstractor, had deeds prepared and placed in an envelope to be delivered on their death. In that case we said:

> No effective delivery is shown. The law wisely requires the delivery of a deed, as a positive act bringing home to the grantor that he is definitely parting with the ownership of his land. An essential element of a valid delivery is the grantor's intention to pass the title immediately. *Smith* v. *Van Dusen*, 235 Ark. 79, 357 S.W. 2d. 22 (1962); *Hunter* v. *Hunter*, 216 Ark. 237, 224 S.W. 2d 804 (1949).

The chancellor found no delivery in this case. In order to reverse that decision we are required to find that his finding was clearly erroneous. Rule 52, Rules of Civil Procedure. We cannot make such a finding and affirm the decree in that regard.

The appellant was allowed to keep some $4,000.00 from a credit union account and the appellee claims on cross-appeal that the chancellor erred in this regard. It was argued that the money was intended to be used for the funeral expenses of Dopieralla. However, the appellee did not abstract the document relied upon or any testimony regarding this account and we cannot say on the basis of the record presented to us that the chancellor was wrong. Since the appellee failed to comply with the Rule 9 (e), that part of the decree is also affirmed. *Smith* v. *Bullard*, 271 Ark. 794, 610 S.W. 2d 888 (1981).

Affirmed.

HAYS, J., not participating.