Unabelle CROWDER *v.* Eugene CROWDER

90-133                                    798 S.W.2d 425

Supreme Court of Arkansas
Opinion delivered November 12, 1990

*H. Oscar Hirby*, for appellant.

*Alice M. Totsch*, for appellee.

JACK HOLT, JR., Chief Justice. This case involves the division of real property in a divorce proceeding. The appellant, Unabelle Crowder, challenges the chancellor's equal division of the proceeds of the sale of the home in which she had lived with her husband, the appellee, Eugene Crowder.

The parties were married on May 10, 1947, and on August 18, 1953, they jointly purchased the lot upon which they built their home. In 1962, Mr. Crowder was in an automobile accident, apparently involving alcohol, that resulted in an injury to an unnamed person. On March 6, 1962, as the result of his fear of a lawsuit over his accident, Mr. Crowder signed a warranty deed that purported to transfer his interest in the property to his wife.

On December 29, 1989, the Crowders were divorced, and the chancellor specifically found in the divorce decree that the subject property was marital in nature and that it should be sold and the proceeds split evenly between the parties. Mrs. Crowder subsequently filed a motion for reconsideration, which was denied, and now alleges four points of error on appeal: 1) that, at law, any deed of conveyance of real property located in Arkansas by a married man to his wife conveys to the wife his entire interest in the property conveyed, 2) that equity follows the law, and the chancellor erred in partitioning the property, 3) that the property was not marital property subject to partition because it was a gift to her, and 4) that Mr. Crowder should be denied relief on the basis of the clean hands doctrine.

We find none of Mrs. Crowder's arguments persuasive and affirm.

Mrs. Crowder initially contends that, at law, any deed of conveyance of real property located in Arkansas by a married man to his wife conveys to the wife his entire interest in the property conveyed. Mrs. Crowder relies on Ark. Code Ann. § 18-12-401 (1987) for her contention, which provides in pertinent

part as follows:

> (a) Any deed of conveyance of real property located in this state executed after the passage of this act [signed by the Governor on March 2, 1935, and took effect on June 13, 1935] by a married man directly to his wife or by a married woman directly to her husband shall be construed as conveying to the grantee named in the deed the entire interest of the grantor in the property conveyed, or the interest specified in the deed, as fully and to all intents and purposes as if the marital relation did not exist between the parties to the deed.

In *Ryan* v. *Roop*, 214 Ark. 699, 217 S.W.2d 916 (1949), we construed Ark. Stat. Ann. § 50-413 (1947) (the predecessor of section 18-12-401) with respect to estates by the entirety and held that a husband may by direct conveyance transfer to his wife his interest in an estate by the entirety. We did not, however, alter a basic premise in the law of property that a deed is inoperative unless there has been a delivery to the grantee, and in order to constitute delivery it must be the intention of the grantor to pass title immediately and that the grantor shall lose dominion over the deed. *Wilson* v. *McDaniel*, 247 Ark. 1036, 449 S.W.2d 954 (1970).

Further, in *Parker* v. *Lamb*, 263 Ark. 681, 567 S.W.2d 99 (1978), we noted that the law requires the delivery of a deed as a positive act bringing home to the grantor that he is definitely parting with the ownership of his land. Again, an essential element of a valid delivery of a deed is the grantor's intention to pass the title immediately.

A presumption of valid delivery of a deed attaches when the deed is recorded. *Corzine* v. *Forsythe*, 263 Ark. 161, 563 S.W.2d 439 (1978). However, in *Wilson* v. *McDaniel*, 250 Ark. 316, 465 S.W.2d 100 (1971), we stated that while the recording of a duly executed and acknowledged deed, as well as its being found in the possession of the grantee, raised the presumption of delivery, this presumption is not conclusively established when there is proof of other factors pertaining to the deed which may rebut the presumption.

In this case, Mr. Crowder executed a warranty deed on

March 6, 1962, which purported to convey his interest in his home to Mrs. Crowder. Eight months later, on November 21, 1962, Mr. Crowder recorded the deed. The presumption of delivery is countered, however, by Mrs. Crowder's own testimony as follows:

[Direct examination by Ms. Totsch, attorney for Mr. Crowder]

Q    Did he [Mr. Crowder] ever have a wreck where someone was hurt, besides him?

A    Yes. I don't remember who it was, but he had a wreck and he was a worrying about getting out of it, how he was going to get out of it. He was afraid this guy was going to sue him.

        \*     \*     \*     \*

[Cross-examination by Mr. Hirby, attorney for Mrs. Crowder]

Q    Again, did he give you — after that deed was filed, did he give that deed to you to keep?

A    I believe so. Part of the time he'd get it and put it in his room. It was in a little box, a little lock box.

Q    But you'd go back and get it?

A    One night, we had to — I always had to hunt his papers up if he wanted to do anything.

        \*     \*     \*     \*

[The Court]

Q    Mrs. Crowder, tell me why Mr. Crowder deeded your house to you, as far as what you know.

A    Well, I figured that he thought that he'd do like that man did to save his place, and I said, 'Well, I can sign it back to you,' and we never thought more about [it], I don't guess.

Additionally, Mr. and Mrs. Crowder continued to live in the home until the divorce proceeding and paid the taxes, insurance, maintenance, and subsequent construction costs on

the property from a joint checking account containing contributions from both parties. Ordinarily, the grantor's continued use of the property and the payment of taxes on it are evidence that would tend to rebut a claim of delivery. *See Adams v. Dopieralla*, 272 Ark. 30, 611 S.W.2d 750 (1981); *Broomfield v. Broomfield*, 242 Ark. 355, 413 S.W.2d 657 (1967); *Grimmett v. Estate of Beasley*, 29 Ark. App. 88, 777 S.W.2d 588 (1989). The same is true under the facts of this case.

■ Consequently, we find that Mr. Crowder lacked the requisite intent to relinquish dominion and control over his interest in the subject property and that his purported conveyance to his wife of his interest in the estate by the entirety was ineffective. As a result, the property remained an estate by the entirety.

In *Warren v. Warren*, 273 Ark. 528, 623 S.W.2d 813 (1981), we recognized that:

> We have traditionally recognized two categories of property in divorce cases. One category has been divided pursuant to the general property division statute which has been codified as [Ark. Code Ann. § 9-12-315 (1987)]. The other category, property held in tenancies by the entireties, has never been divided pursuant to the general property division statute.
>
> Our rule of law on this second category, or entirety property, was well stated in *Jenkins v. Jenkins*, 219 Ark. 219, 242 S.W.2d 124 (1951).
>
> > We have repeatedly held that a decree of divorce cannot dissolve an entirety case. In *Heinrich v. Heinrich, supra*, we said: 'An estate by entirety, either legal or equitable, cannot be divested out of the husband and invested in the wife, or *vice versa*, by the courts. The right to the whole estate by the survivor prevents this. . . .
>
> (Citations omitted.)

Arkansas Code Ann. § 9-12-317 (1987) gives courts the authority to convert marital survivorship estates to a tenancy in common and provides as follows:

> When any chancery court in this state renders a final decree of divorce, any estate by the entirety or survivorship in real or personal property held by the parties to the divorce shall be automatically dissolved unless the court order specifically provides otherwise. In the division and partition of the property, the parties shall be treated as tenants in common.

The chancellor specifically stated in her decree of divorce "[that the marital home located at 205 East 56th Street, North Little Rock, Arkansas, shall be sold and the proceeds split evenly between the parties." She based this order on her finding that the home was marital property and subject to division of marital property pursuant to section 9-12-315.

Chancery case are tried *de novo* on appeal, but we will not reverse the finding of the chancellor unless clearly erroneous. ARCP Rule 52; *Rose* v. *Dunn,* 284 Ark. 42, 679 S.W.2d 180 (1984). We will also uphold the decision of the trial court if it reached the right result, even if it did not enunciate the right reason. *Speer* v. *Speer,* 298 Ark. 294, 766 S.W.2d 927 (1989).

The chancellor's equal division of the proceeds from the sale of the Crowder's real property comports with the division of property held as an estate by the entirety pursuant to section 9-12-317. Therefore, although the chancellor classified the Crowder's real property as marital and premised her division of the property on section 9-12-315, her ruling will be upheld because it is not clearly erroneous and she reached the right result.

Mrs. Crowder argues next that equity follows the law, and the chancellor erred in partitioning the property. Again, Mrs. Crowder presupposes valid delivery of Mr. Crowder's purported conveyance to her of their real property, and this argument fails as a result.

In her third argument, Mrs. Crowder contends that the property was not marital property subject to partition because it was a gift to her. Again, her testimony in this regard is most illuminating:

[The Court]

Q    Did you ever at any time believe that he was giving you his interest in this house as a gift?

A    Did what?

Q    Did you ever believe that he was just giving you his interest in the house?

A    I thought he was trying to protect hisself. I didn't know.

In addition, her reliance on *Lyons* v. *Lyons*, 13 Ark. App. 63, 679 S.W.2d 811 (1984), is misplaced because she persists in presupposing a valid delivery of the purported conveyance to her from Mr. Crowder. There was no delivery in this case.

Finally, Mrs. Crowder contends that Mr. Crowder should be denied relief on the basis of the clean hands doctrine. She is precluded from raising this issue as she did not present this argument below. We have held that arguments not presented to the trial court will not be considered on appeal. *Brandon* v. *Brandon Constr. Co.*, 300 Ark. 44, 776 S.W.2d 349 (1989).

Affirmed.