# STEWART TITLE GUARANTY *v.* Kenton TREAT

91-134                                              810 S.W.2d 953

Supreme Court of Arkansas
Opinion delivered July 8, 1991

*Marian M. McCullan* and *Roy E. Danuser*, for appellant.

*Kerry D. Chism* and *Donald Joe Adams*, for appellee.

TOM GLAZE, Associate, Justice. This is a title insurance case involving an erroneous property description contained in the mortgagee's insurance policy written by appellant Stewart Title Guaranty Company (Stewart Title). The title insurance policy, in the amount of $316,200, was issued on June 28, 1983, to Twin Lakes Federal Credit Union (Twin Lakes), the mortgagee of 400 acres owned by Chris and Rosalee Wade. After a couple of interim transactions, the note and mortgage was purchased by appellee, Kenton Treat. The property description contained in the mortgage and the title insurance policy erroneously placed

32.5 acres in the wrong quarter section. Instead of SE $\frac{1}{4}$, SW $\frac{1}{4}$, the description read SW $\frac{1}{4}$, SE $\frac{1}{4}$. Because of this erroneous property description, 32.5 acres were included in the mortgage and title insurance policy that were not owned by the Wades.

On November 13, 1987, when the Wades became unable to make their payments, Treat sued on the note and mortgage and obtained a judgment in excess of $400,000. Treat received $100,000 from the sale of the property at a foreclosure sale on June 15, 1989. The Wades are now in bankruptcy. On February 22, 1990, Treat filed suit against Stewart Title seeking recovery under his title insurance policy. In this suit, Treat alleged that, on March 28, 1988, he had notified Stewart Title of the erroneous property description, but no action was taken to correct the problem. After two separate hearings, the trial judge ruled that Stewart Title was liable under the insurance policy and awarded a judgement of $21,125 plus costs. Stewart Title appeals this judgment arguing that there is insufficient evidence to support the court's ruling on liability and the amount of damages. We find no error, and therefore affirm.

A representative from Stewart Title and its attorneys began the first hearing by offering as a settlement, a quitclaim deed to the 32.5 acres erroneously left out of the title insurance policy. Stewart Title stated that by offering this quitclaim deed, the insurance company would be relieved of liability. Treat refused this offer for the following reasons: 1) Stewart Title could not reform the insurance contract now after knowing about the error for two and one-half years; and 2) the Wades were in bankruptcy, and Stewart Title could not obtain a quit-claim deed for the property without going through bankruptcy court. Because of the comments made by Stewart Title's attorneys, Treat asserted Stewart Title had stipulated to its liability. Thus, Treat offered nothing further to prove his case at the first hearing.[1] Stewart Title contends that it did not stipulate to liability and that Treat waived his right to present evidence on this issue.

From a review of the proceedings below, we call attention to the following comments made by Stewart Title's attorneys:

---

[1] We note that Stewart Title is represented by different attorneys on appeal.

> (T)his all came about due to a scrivener's error . . . . It was the intent to pledge this property for that loan. It's the intent of the title policy to guarantee that if the loan is forfeited, you may acquire title by foreclosure.

After these comments, Treat stated Stewart Title had admitted liability and therefore the only issue remaining was whether or not Stewart Title had to pay money damages. The trial judge then allowed Treat to have one of his witnesses testify on the issue of damages. At the end of the hearing, the trial judge made the following statement:

> Gentlemen, just so it's clear on the record, there's no dispute here and the reason the plaintiff has not presented testimony is, there's no dispute that there was a real estate mortgage given to Mr. Wade to Twin Lakes Federal Credit Union. . . .There was an assignment of that mortgage to Mr. Treat. Subsequently, Mr. Treat had to foreclose that mortgage. That there was a scrivener's error in the real estate mortgage misdescribing a portion of the land sought to be covered by the real estate mortgage.

The record reflects that both parties agreed to the correctness of this statement.

▪ We read the court's summation above as showing that the trial judge believed that the parties had stipulated to the issue of liability. And, after review of Stewart Title's comments below, we agree with Treat's and the court's conclusion that Stewart Title agreed to facts reflecting its liability in this case. We also note that Stewart Title took no action to counter Treat's and the court's belief. Thus, it would be grossly unjust for us to allow Stewart Title to prevail in its argument that Treat erred in failing to present further evidence on the liability issue.

We now address the damage issue. Both parties agree that in order to recover under his insurance policy, Treat was required to show a loss. The record shows that because of an erroneous property description that included 32.5 acres of someone else's property, the Wades retained ownership of their 32.5 acres free of encumbrances. In other words, when Treat foreclosed after the Wades defaulted on their note, Treat could not foreclose on 32.5 acres of the 400 acres covered by the title insurance because those

32.5 acres belonged to someone else, not the Wades. In proving his damages, Treat presented testimony which showed the value of the 32.5 acres erroneously included in the policy to be $27,000. Another witness testified that the 32.5 acres owned by Wade and the acreage erroneously included in the policy were worth approximately the same value—$500 per acre.

For the first time, Stewart Title argues on appeal that Treat did not prove the proper loss for a mortgage title insurance policy or the proper measure of damages. Stewart Title made no objection to the value testimony presented below. Instead, Stewart Title acknowledged Treat had sustained a loss but attempted to remedy Treat's loss by the Wades giving Treat a quitclaim deed to their 32.5 acres, which would be subject to the bankruptcy court's abandonment of that acreage. Treat rejected this idea, and Stewart Title offered no further argument regarding Treat's loss, nor did it question the measure of damages utilized or the damage evidence presented in the trial court below. As we have stated numerous times, this court will not consider arguments not presented to the trial court. *See, e.g., Crowder* v. *Crowder,* 303 Ark. 562, 798 S.W.2d 425 (1990).

Even if we could address Stewart Title's argument, from our reading of Treat's title insurance policy, it is clear that the policy covers, among other things, the loss or damage sustained or incurred by the insured by reason of "title to the estate or interest described in Schedule A being vested otherwise than as stated therein." Schedule A reflects that the estate or interest referred to at the date of the policy is vested in Chris and Rosalee Wade. As previously stated, the 32.5 acres described in the insurance policy were not vested in the Wades. Thus, under the terms of Stewart Title's own policy, Treat sustained a loss for which he is entitled to recovery.

For the reasons stated above, we affirm.