## Bill BALDRIDGE *v.* Susan L. BALDRIDGE

CA 06–1453                    265 S.W.3d 146

### Court of Appeals of Arkansas
### Opinion delivered October 10, 2007

*Harvey Harris*, for appellant.

*Todd Turner*, for appellee.

**B**RIAN S. MILLER, Judge. This appeal arises from a divorce decree entered by the Faulkner County Circuit Court

equally dividing, as marital property, twenty acres of land between appellant Bill Baldridge and appellee Susan Baldridge. We affirm.

It is undisputed that Susan and Bill Baldridge were married on May 5, 1989, and separated in December 2005. During their marriage, they lived in a mobile home that Bill had purchased before they were married. The mobile home was placed on approximately twenty acres in Faulkner County that was owned by Bill's father, William Baldridge. It is also undisputed that William executed a quitclaim deed on November 3, 2004, conveying the twenty acre tract to Bill and that this deed was recorded the same day.

In dispute is a quitclaim deed executed by William on March 8, 2002, conveying the same twenty acres to both Bill and Susan, as husband and wife. The March 8, 2002 deed was recorded on February 3, 2006. At trial, William testified that he gave the twenty acres to Bill and intended for Bill to own it. He also stated that he did not remember signing or ever seeing the March 8, 2002 deed.

Bill testified that he had never seen the March 8, 2002 deed and that he did not know where Susan got it. He stated that, in an effort to divest all of his property, William gave him the twenty acres and gave his sisters other, income-producing, real estate. Finally, he stated that Susan cared for his ill mother prior to her death.

Susan testified that Bill knew about the March 8, 2002 deed but that they did not file it because "Bill wanted to make sure his dad knew we weren't trying to take the farm away from him." She became aware of the March 8, 2002 conveyance during the time that William was divesting all of his property. She added that she provided care to William, in addition to caring for Bill's mother before her death.

The trial court held that the twenty acre tract was marital property because both deeds were executed during the course of the marriage. The court further held that, although there was a question raised as to the delivery of the March 8, 2002 deed there was insufficient evidence showing that it was not delivered. Therefore, the property was equally divided.

We view divorce cases de novo on the record and we will not reverse the trial court's finding of fact unless it is clearly erroneous. *Taylor v. Taylor*, 369 Ark. 31, 250 S.W.3d 232 (2007).

*Id.* We defer to the superior position of the circuit court to judge the credibility of the witnesses. *Id.* A trial court's decision will be upheld if the court reached the right result, even if it did not enunciate the right reason. *Crowder v. Crowder*, 303 Ark. 562, 798 S.W.2d 425 (1990).

On appeal, Bill first argues that there was insufficient evidence to conclude that the March 8, 2002 deed was delivered. Consequently, Bill argues, the court must give effect to the November 3, 2004 deed which gifted the twenty acres to him.

■ As a general rule, the requisites of a valid deed are that there be competent, identifiable parties and subject matter; a valid consideration; effective words expressing the fact of transfer or grant; and formal execution and delivery. *Harrison v. Loyd*, 87 Ark. App. 356, 192 S.W.3d 257 (2004). A deed is inoperative unless there is a valid delivery. *Wilson v. McDaniel*, 247 Ark. 1036, 1038, 449 S.W.2d 944, 946 (1970). Further, a presumption of a valid delivery attaches when a deed is recorded. *Corzine v. Forsythe*, 263 Ark. 161, 163, 563 S.W.2d 439, 440 (1978). This presumption, however, is not conclusively established when there is proof of other factors pertaining to the deed which may rebut the presumption. *Crowder, supra.* It has been consistently held that, in a proceeding to cancel a solemn deed, on the theory of non-delivery or otherwise, the quantum of proof required must rise above a preponderance of the testimony; it must be clear, cogent, and convincing. *Simmons v. Murphy*, 235 Ark. 519, 522, 360 S.W.2d 765, 766 (1962).

■ The trial court did not err in finding that the March 8, 2002 deed was delivered. It was presumed delivered because it was recorded, and Bill had the burden of rebutting the presumption of delivery. The trial court properly reviewed and weighed the evidence and then found that Bill failed to meet his burden. For these reasons, we affirm the trial court's finding that the March 8, 2002 deed was delivered. We also affirm its finding that the twenty acres was subject to equitable division because it was marital property.

Bill's second argument is that the twenty acre tract is not marital property because it was gifted to him pursuant to the November 3, 2004 deed. We do not address this argument because we affirm the trial court's ruling that the March 8, 2002 deed was delivered, thereby conveying ownership in the twenty acre tract to Bill and Susan.

Affirmed.

PITTMAN, C.J., and ROBBINS, GLOVER, and BAKER, JJ., agree.

HART, J., dissents.

JOSEPHINE LINKER HART, Judge, dissenting. I respectfully submit that we should not have affirmed this case for two reasons. First, William Baldridge, as owner of the disputed property, was an indispensable party without whom complete relief could not be granted, and therefore the trial court's proceeding violated Rule 19 of the Arkansas Rules of Civil Procedure. Second, the majority has misapprehended our law regarding how the manifest intent of the grantor is an essential element for a valid conveyance of real estate.

Rule 19 of the Arkansas Rules of Civil Procedure provides in pertinent part:

> (a) Persons to Be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or, (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest, or, (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the court shall order that he be made a party.

Here, Williams lives on the property and continues to exercise all rights of ownership. Accordingly, it is clear that "complete relief" cannot be afforded Bill and Susan, in that the parties will not be able to divide the farm without pursuing a quiet title or ejectment action. Moreover, as the majority notes in its citation of *Harrison v. Loyd*, 87 Ark. App. 356, 192 S.W.3d 257 (2004), one of the requisites of a valid deed is "competent" parties. This element was not tested in the proceedings below as William was not a party. Likewise, William's intention relative to executing the deed and whether there was undue influence exerted by parties were also not tested. These omissions would not exist if William had been made a party to this proceeding. I am concerned that through his testimony on behalf of his son, William, who may well have been under duress or undue influence, may have compromised his case when either Susan or Bill subse-

quently petition to take possession of William's property or when he petitions to set aside the deed or deeds.

I recognize that the Rule 19 issue was not raised by the parties, but I am aware that in at least three cases our supreme court has found that the trial court has failed to join an indispensable party, and it reversed and remanded the case to the trial court to join the omitted party. *See Koonce v. Mitchell*, 341 Ark. 716, 19 S.W.3d 603 (2005), *Yamauchi v. Sovran Bank/Central South*, 309 Ark. 532, 832 S.W.2d 241 (1992), and *Harrison v. Knott*, 219 Ark. 565, 243 S.W.2d 642 (1951). I would likewise reverse and remand this case to the trial court with instructions to join William as a party to this action.

Assuming that we should have proceeded despite the procedural defect that I have just discussed, I believe that we should reverse. I find merit in Bill's argument that the trial court erred in finding that there was not sufficient evidence to conclude that a deed purporting to transfer title of his father's farm to Bill and his ex-wife Susan L. Baldridge "had *not* been delivered." He concedes that presumption of delivery attaches when a deed is recorded; however, he asserts that the presumption may be rebutted by evidence that the grantor did not intend to give up dominion over the property.

In the first place, I question whether the presumption of delivery should apply to the 2002 deed. It was uncontraverted that the deed was not recorded for several years after its purported execution and was only filed by Susan when she was in the process of obtaining a divorce, and her estranged husband had already filed a deed making him the sole grantee. While I do not suggest that the mere passage of time is sufficient to overcome the presumption of delivery that attaches upon recording, our case law in a very similar situation has required more evidence than the mere fact that the deed was recorded. *See McCord v. Robinson*, 226 Ark. 350, 289 S.W.2d 893 (1956). Yet, in the instant case, no one, not Susan, not Bill, and least of all, William can shed any real light on the facts of the alleged delivery of the deed.

Even assuming that the presumption of delivery arose in this case, I find Bill's reliance on *Corzine v. Forsythe*, 263 Ark. 161, 563 S.W.2d 439 (1978), and *Crowder v. Crowder*, 303 Ark. 562, 798 S.W.2d 425 (1990), for the proposition that the presumption may be rebutted to be eminently sound. As Bill notes, William testified that he did not even remember the deed, that he intended for Bill

to have the property, and that William lived on the property as he had for *forty-seven* years. Furthermore, neither Bill nor Susan testified that the property tax was an expense that "they had incurred, or were currently incurring."

In *Parker v. Lamb*, 263 Ark. 681, 967 S.W.2d 99 (1978), the supreme court stated that "an essential element of a valid delivery is the grantor's intention to pass the title *immediately.*" (Emphasis supplied.) In the instant case, I cannot find in any witness's testimony that William ever manifested such an intention. In fact, it is apparent from the testimony that William believed he had *not* relinquished his land, even though he acknowledged that he gave the 2004 deed to his son. Of course, it is axiomatic that we must defer to the superior position of the trial judge to determine the credibility of the witnesses. However, even if we assume that Susan was more credible than either Bill or William regarding the execution and delivery of the 2002 deed, the proof is clear and unambiguous that William did not relinquish the farm and that Bill and Susan did not make any effort to exercise dominion over the property. It is well-settled law that continued occupancy and use of the land in a manner that is inconsistent with the transfer stated in the provisions of the deed is sufficient to rebut the presumption of valid delivery. *Smith v. Van Dusen*, 235 Ark. 79, 357 S.W.2d 22 (1962); *see Burmeister v. Richman*, 78 Ark. App. 1, 76 S.W.3d 912 (2002).

Finally, unlike the majority, I would reach Bill's second argument, that he was entitled to the farm because it was non-marital property as contemplated by Arkansas Code Annotated section 9-12-315 (Repl. 1997). However, I would reject this argument for the same reasons that I found his first argument persuasive. I do not believe that William manifested the requisite present intent to transfer his property to his son. I would hold that the farm was not the property of either Bill or Susan.