Josephine Linker Hart, Justice, dissenting. The majority .erroneously concludes that the circuit, court properly refused to consider the parol evidence relating to the purported delivery of the 1999 warranty deed. Further, the majority errs in concluding that there were no genuine issues of material fact regarding whether the power of attorney given in 2000 to George M. Stokes, Sr., by Mason F. Stokes was revoked in 2007 or whether the power , of attorney authorized.George to execute the quitclaim deed. Thus, I respectfully dissent. As the majority , notes, in the order granting partial summary judgment, the circuit hficourt stated that, the claims regarding George’s delivery of the 1999 warranty deed would be tried at the bench trial. The circuit court, however, further stated the 1999 warranty deed was unambiguous and not subject to parol evidence as to its meaning. . Thus, while acknowledging in thq, order that there were issues to be tried relating to the delivery of the .1999 warranty deed, the circuit court nevertheless precluded the admissibility of the evidence relating to. its purported delivery. In Crowder v. Crowder, 303 Ark. 562, 564, 798 S.W.2d 425, 426 (1990), this court,stated that a, deed is inoperative unless there has been a delivery to the grantee, and in order to constitute delivery it must, be the intention of the grantor to pass title immediately and that the grantor lose dominion over the deed. While acknowledging that the recording of. a duly executed and acknowledged deed, as well as its being found in the. possession of the grantee, raised the presumption of delivery, “this presumption is not conclusively established when there is proof of other factors pertaining to the deed which may rebut the presumption.” Id., 798 S.W.2d at 426. At trial, George testified that he intended to continue his ownership of the property at the time he signed the 1999 warranty deed, and because he wanted to be sure he was able to take back the real property, he filed the warranty deed only after he obtained the power of attorney in 2000. The court, in its order dismissing George’s claim to set aside the warranty deed, however, stated that “[w]hat [George] intended to do, and why he did it is ... irrelevant.” Given the holding in Crowder, the circuit court should have considered testimony regarding the facts surrounding the purported delivery of the deed. Further, the majority errs in affirming the circuit court’s conclusion that there were no genuine issues of material fact to be decided on whether the 2009 quitclaim deed was void |17and of no effect. George executed the 2009 deed pursuant to the power of attorney given by Mason. As stated in the 2000 power of attorney, it could be revoked by “written notification of the revocation, which notice shall not be considered binding unless actually received.” In his deposition testimony, George testified that he was unaware of Mason’s attempt to revoke the power of attorney until 2010. Thus, a question of fact remained regarding whether Mason gave George written notice of the purported revocation in 2007. Also, a question of fact remained regarding whether George could properly deed the property back to himself under the power of attorney. The majority overlooks this latter point by asserting that a person holding a power of attorney has a fiduciary duty to the principal. While that is a correct statement of the law, it does not take into consideration that, according to George’s deposition testimony, the power of attorney was given to him in part to allow him to deed the property back to himself. Given George’s deposition testimony, a question of fact remained regarding whether his execution of the 2009 quitclaim deed was within the powers granted by the power of attorney. Thus, there remained genuine issues of material fact to be determined. I would reverse and remand for a new trial.